STATE of Missouri,
Plaintiff–Respondent,

v.

Edward HUDGINS,
Defendant–Appellant.

No. 54881.

Missouri Court of Appeals,
Eastern District,
Division Five.

May 21, 1991.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 19, 1991.

Application to Transfer Denied
July 23, 1991.

David Hemingway, St. Louis, for defendant-appellant.

William L. Webster, Atty. Gen., Robert P. Sass, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

CRANDALL, Chief Judge.

Defendant, Edward Hudgins, appeals from his convictions of capital murder for

the murder of Martha Fields and of second degree murder for the murder of Ms. Fields' six-year-old son, Charles Berry. He was sentenced, respectively, to concurrent sentences of life imprisonment without possibility of parole for 50 years and of life imprisonment. We affirm.

The facts that formed the basis of defendant's convictions are detailed in a previous appeal. *State v. Hudgins*, 612 S.W.2d 769, 770–771 (Mo.1981) (Seiler, J., concurring). State's case against defendant depended heavily on the testimony of Claudia Marshall, who was charged with the murder of Charles Berry but who agreed to testify against defendant in return for pleading guilty to manslaughter for which she was sentenced to imprisonment for three years.

In his first point, defendant contends that the trial court erred in permitting Ms. Marshall to testify that she recognized the electric extension cord which was allegedly used to strangle the six-year-old boy because defendant had used that same cord to beat and abuse her and her children on prior occasions. On appeal, defendant contends that the admission of such testimony was impermissible because it constituted evidence of other unrelated crimes. At trial, defense counsel objected to the admission of the testimony on the ground of relevancy.

■ The general rule is that evidence of other crimes is inadmissible. *State v. Baker*, 741 S.W.2d 63, 67 (Mo.App.1987). The recognized exceptions to the general rule excluding proof of the commission of separate and distinct crimes by defendant permit evidence of other crimes which tends to establish the identity of the defendant, motive, intent, absence of mistake, accident, or common scheme or plan embracing the commission of more than one offense. *Id.* Exceptions to the rule permit the introduction of evidence admitted for some purpose other than to show a greater likelihood that defendant, by virtue of his criminal nature as evidenced by proof of other crimes, committed the crime charged. *State v. Bannister*, 680 S.W.2d 141, 147 (Mo. banc 1984), *cert. denied*, 471 U.S. 1009, 105 S.Ct. 1879, 85 L.Ed.2d 170 (1985).

The determination of whether the relevance of the evidence outweighs any prejudice to the defendant lies within the discretion of the trial court. *Id.* Evidence, which is otherwise relevant, is not rendered inadmissible because it might also tend to constitute proof of another crime. *Id.*

■ In the instant action, the evidence showed that there was no mistake in the witness's identification of the electric cord as belonging to defendant. The evidence was relevant because it linked defendant to the cord allegedly used to strangle the child. The testimony also established why the witness was familiar with that particular cord and why she was able to connect the cord with defendant. The trial court did not abuse its discretion in admitting the challenged evidence. Defendant's first point is denied.

■ In his second point, defendant alleges that the trial court erred in refusing to give its proffered instruction patterned on MAI–CR 3.56, which was an approved instruction at the time of trial:

### Instruction "A"

If you find and believe from the evidence that a witness was convicted of an offense, you may consider that evidence for the sole purpose of deciding the believability of the witness and the weight to be given to her testimony.

Defendant argues that because Ms. Marshall's testimony was critical to the State's case against defendant, the jury was entitled to an instruction to direct them that her plea of guilty with respect to the crime for which defendant was also on trial could be used only to impeach her credibility and not as substantive proof of defendant's guilt.

Notes on Use for the then-approved MAI–CR 3.56 caution that the "instruction should be given only where the evidence of the prior conviction was admitted for that purpose [of impeachment]." Although MAI–CR 3.56 was the only pattern instruction available at the time which pertained to the impeachment of a witness with a prior conviction, it does not adequately cov-

er the situation where the witness pleads guilty to the same crime for which the defendant is also on trial.[1] Here, Ms. Marshall's conviction was not used solely for the purpose of impeaching her credibility. Her testimony did more than establish that she had pled guilty to the same offense for which defendant was on trial and that she had agreed to testify against him in return for a reduced sentence. Her testimony provided the details of the crime for which she was convicted and for which defendant was on trial. These were facts in the case, not just facts introduced for impeachment purposes.

In addition, defendant was not prejudiced by the failure to give the limiting instruction. MAI–CR 2.01, a general cautionary jury instruction given in all criminal trials, includes the following paragraph:

In determining the believability of a witness and the weight to be given to his testimony you may take into consideration his manner while testifying, his ability and opportunity to observe and remember any matter about which he testifies, and any interest, bias or prejudice he may have, the reasonableness of his testimony considered in the light of all of the evidence in the case, and any other matter that has a tendency in reason to prove or disprove the truthfulness of the testimony of the witness.

Not only did the jury consider the above quoted instruction, but the jury was clearly apprised of the bias and self-interest of Ms. Marshall as a result of her plea bargain. Defense counsel used the plea bargain to defendant's advantage both in cross-examining Ms. Marshall and in closing argument. During closing argument, defense counsel referred to Ms. Marshall's plea arrangement and argued that she would say anything that would help her. Under the facts of this case, MAI–CR 3.56 was not a necessary instruction and therefore the trial court did not err in refusing to submit the instruction. Defendant's second point is denied.

In his third point, defendant charges that the trial court erred in answering "yes" to the following question posed by the jury:

Can we consider the lesser degree charge if we have not been able to get a *unanimous* vote on the higher degree charge. The instruction states if you do not find the defendant guilty of a higher charge you must consider whether he is guilty of the next lesser charge.

Because this claim of error was not raised in defendant's motion for new trial, we review for plain error. Rule 30.20.

We have reviewed the record and find that the court's response to the jury's inquiry conforms with the instructions already before the jury. No manifest injustice or miscarriage of justice results from the court's action. An extended opinion would serve no jurisprudential purpose. Defendant's third point is denied pursuant to Rule 30.25(b).

The judgment of the trial court is affirmed.

SIMON and AHRENS, JJ., concur.

---

1. Since then, MAI–CR 3rd 310.18 has been drafted to accommodate the situation where there is evidence of the disposition of a criminal charge against a witness who was involved in the same offense for which a defendant is on trial.